UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>GAYLE HART, et al.,<br><br>Defendants. | Case No. 16-cv-03904-LB<br><br>**ORDER DENYING MOTION TO DISMISS**<br><br>Re: ECF No. 37 |

**INTRODUCTION**

This is a statutory interpleader case. *See* 28 U.S.C. § 1335.[1] The insurance proceeds at issue are $5,000, which meets the $500 amount-in-controversy threshold. *Id.* § 1335(a). The issue is whether the claimants are diverse.[2] The court holds that they are. The court otherwise denies claimant Gayle Hart's motion to dismiss.[3]

**STATEMENT**

American General Life Insurance Company filed the interpleader complaint naming

---

[1] Compl.– ECF No. 3. Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Motion – ECF No. 37.

[3] The court finds that it can decide the motion without oral argument. *See* Civ. L. R. 7-1(b).

ORDER — No. 16-cv-03904-LB

1  defendants Gayle Hart (a resident of East Palo Alto, California) and defendant David L. Lewis (a
2  resident of Georgia) as Trustee of the Cora Lewis Management Trust.[4] The life insurance policy
3  was Cora Lewis's; she purchased it in 2005, named family members in beneficiary designations
4  then and in 2010 and 2011, and in 2012, named Gayle Hart.[5] She died in 2016.[6]

American General filed the complaint after the Trust's attorney — *pro bono* counsel Arnold & Porter, which was enlisted by the Legal Aid Society to help Ms. Lewis — informed American General that Ms. Hart and her husband allegedly abused Ms. Lewis.[7] Arnold & Porter created the trust to hold Ms. Lewis's assets.[8]

The Trust answered the complaint and brought cross claims and counterclaims against Ms. Hart stemming from the alleged elder abuse, including undue influence, breach of contract, financial abuse, breach of financial responsibility, fraud, constructive trust, accounting, conversion, conspiracy, and negligence.[9]

Ms. Hart moves to dismiss the interpleader complaint on the grounds that (1) the Trust's citizenship is the same as the decedent Cora Lewis, (2) only the state probate court can decide disputes about trusts, and (3) the cross claims and counterclaims are not plausible.[10]

## ANALYSIS

Federal courts have jurisdiction over statutory interpleader actions under 28 U.S.C. § 1335 when the amount in controversy is $500 or more and diversity of citizenship exists between any two claimants. 28 U.S.C. § 1335. Minimal diversity is all that it is needed; it makes no difference that the plaintiff or other claimants are non-diverse. *State Farm Fire & Cas. Ins. Co. v. Tashire*,

---

[4] Compl. ¶¶ 4−5.
[5] *Id.* ¶¶ 7−11.
[6] *Id.* ¶ 12.
[7] *Id.* ¶ 16.
[8] *Id.*
[9] Answer and Cross-Claims − ECF No. 17.
[10] Motion − ECF No. 37-1 at 4−6.

386 U.S. 523 (1967).

Ms. Hart disputes diversity on the ground that under 28 U.S.C. § 1332(c)(2), a legal representative of the estate of a decedent has the same residency as the decedent.[11] That is true, but as the Trust and the insurance company point out in their oppositions, the Trustee — an undisputed resident of Georgia — was sued in his capacity as trustee, not as the representative of Ms. Lewis's estate.[12] The court adopts their analysis as persuasive. Resolving the entitlement to the funds will not involve the internal affairs of the trust because the interpleader issue is only whether the Trust or Ms. Hart is entitled to the proceeds.

The Trust otherwise pleads its claims plausibly. The court has supplemental jurisdiction over them. *See* 28 U.S.C. § 1367(a); Fed. R. Civ. P. 13(g), 14.

That said, Ms. Hart has a point. The ancillary issues really do not belong in federal court for the reasons that she advances. The court suggests that the parties try to work out something to preserve their arguments to entitlement to the $5,000 without doing so in federal court. The court sets a case-management conference for January 19, 2017, at 11 a.m. and imposes a stay until then on any responsive pleadings.

## CONCLUSION

The court denies the motion to dismiss and sets a case-management conference for January 19, 2017 at 11 a.m. The parties must confer and submit a joint statement by January 12 with their proposals going forward. This disposes of ECF No. 37.

**IT IS SO ORDERED.**

Dated: December 27, 2016

_____
LAUREL BEELER
United States Magistrate Judge

---

[11] *Id.* at 4.

[12] Trust Opposition − ECF No. 38 at 2−3; American General Opposition − ECF No. 40 at 6.