1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

AMERICAN GENERAL LIFE
INSURANCE COMPANY,

Plaintiff,

v.

GAYLE HART, et al.,

Defendants.

Case No.  16-cv-03904-LB

**ORDER DENYING LEAVE TO SEEK
RECONSIDERATION**

Re: ECF No. 48

## INTRODUCTION

This is a statutory-interpleader case. Defendants Gayle and Lawrence Hart recently moved to dismiss the original interpleader claim, their co-defendant David L. Lewis's cross-claim against Gayle Hart, and Mr. Lewis's third-party claim against Lawrence Hart.[1] The Harts argued that this case lacked the "minimal diversity" that the federal interpleader statute (28 U.S.C. § 1335) requires. The court denied that motion.[2] It reasoned that Mr. Lewis had been "sued in his capacity as trustee" of the Cora Lewis Management Trust and "not as the representative of [the deceased] Ms. Lewis's estate."[3] For purposes of jurisdictional diversity, "[a] trust has the citizenship of its

[1] Mot. to Dismiss – ECF No. 37-1. Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] Order – ECF No. 47.

[3] *See id.* at 3; Mot. for Leave – ECF No. 48 at 2.

ORDER — No. 16-cv-03904-LB

United States District Court
Northern District of California

1    trustee." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Because

2    the trustee, Mr. Lewis, is a citizen of Georgia, while Ms. Hart is a citizen of California, the court

3    held that minimal diversity existed.[4]

4      The Harts now ask the court to reconsider that decision. (ECF No. 48); *see* Civ. L. R. 7-9.[5] In

5    sum, the Harts argue that the court made a "clear[]" factual error in focusing on Mr. Lewis's role

6    as trustee — and thus using his Georgia citizenship to determine diversity under the interpleader

7    statute. The Harts insist that Mr. Lewis also appears in this case as Ms. Lewis's executor.[6]

8    Executors, unlike trustees, take the jurisdictional citizenship of their decedent. 28 U.S.C.

9    § 1332(c)(2). In the Harts' view, the court thus should have treated Mr. Lewis as an executor and a

10    citizen of California like Ms. Lewis. "On that basis," the Harts conclude, the court should

11    reconsider its previous order and "the cross-claim should be dismissed."[7]

12      The court has carefully weighed the Harts' motion but denies them leave to move for

13    reconsideration.

14

15                            **ANALYSIS**

16      The court will not reconsider its order. Even if Mr. Lewis not only *is* both trustee and executor,

17    but also *is litigating as* both trustee and executor — and even if this dual role would defeat

18    "complete diversity" under 28 U.S.C. § 1332 — even then, the court has supplemental jurisdiction

19    over the Trustee's cross-claim and third-party claim under 28 U.S.C. § 1367. The court chooses to

20    exercise that jurisdiction.

21

22

23 [4] Order – ECF No. 47 at 2–3; *see* Opp. – ECF No. 38 at 6 (analyzing parties' citizenship under minimal-diversity test).

24 [5] Strictly speaking, the Harts ask for leave to move for reconsideration. (Mot. for Leave – ECF No. 48); Civ. L.R. 7-9.

25

26 [6] Mot. for Leave – ECF No. 48 at 2 ("The answer to the interpleader complaint and the cross-claim plainly state [that] Mr. Lewis was defending the interpleader complaint as executor and bringing claims against the Harts in that capacity as well."), 5.

27 [7] *Id.* at 5. It is unclear whether the Harts wish the court to reconsider and dismiss the interpleader and third-party claims, as well. The court assumes that they do. For the reasons given in the main

28 discussion, however, the court declines to do so.

ORDER — No. 16-cv-03904-LB       2

United States District Court
Northern District of California

1

**1.  The Interpleader Complaint Supplies Original Jurisdiction**

2

The Trustee expressly invokes § 1367 as a jurisdictional basis for his affirmative claims

3

against the Harts.[8] Supplemental jurisdiction indeed lies here. The federal supplemental-

4

jurisdiction statute provides:

5

> [I]n any civil action of which the district courts have original jurisdiction, the
> district courts shall have supplemental jurisdiction over all other claims that are so

6

> related to claims in the action within such original jurisdiction that they form part
> of the same case or controversy under Article III of the United States Constitution.

7

> Such supplemental jurisdiction shall include claims that involve the joinder or
> intervention of additional parties.

8

9

28 U.S.C. § 1367(a).

10

The court has original interpleader jurisdiction under 28 U.S.C. § 1335. As the court's previous

11

order discussed, statutory interpleader requires only "minimal diversity" among parties to

12

establish "original" federal subject-matter jurisdiction. *See, e.g., State Farm Fire & Cas. Ins. Co.*

13

*v. Tashire*, 386 U.S. 523 (1967). It is jurisdictionally enough under § 1335, that is, if any two

14

adverse parties are citizens of different states. (The amount in controversy in the interpleader

15

claim is $5000, well over the statutory minimum of $500. *See* 28 U.S.C. § 1335(a).) The court

16

continues to hold that minimal diversity exists within the confines of the original interpleader

17

complaint. The Trustee, *qua* trustee, is undisputedly a citizen of Georgia; Ms. Hart, the original

18

interpleader defendant, is alleged to be a citizen of California.[9]

19

The Harts take issue with this. They contend that the court should have treated Mr. Lewis as an

20

executor. This would have given him the same California citizenship as his decedent, Ms. Lewis,

21

and would have destroyed subject-matter jurisdiction over the cross-claim. (And, again,

22

presumably over the third-party claim.[10]) The court believes that the Harts are mistaken. The

23

original interpleader complaint names Mr. Lewis only in his role as trustee.[11] It was apparently in

24

that capacity (according to the complaint) that the Trustee claimed the life-insurance proceeds at

25

---

26

[8] ECF No. 17 at 6 (¶ 8).

[9] *See* Compl. – ECF No. 3 at 2 (¶¶ 4–5); Order – ECF No. 47 at 2–3.

27

[10] *See* Mot. for Leave – ECF No. 48 at 2, 4–5.

28

[11] *E.g.*, Compl. – ECF No. 3 at 1–4 (caption, 2 (¶ 5), 3–4 (¶ 15).

United States District Court
Northern District of California

1    issue.[12] The complaint does not mention the fact that Mr. Lewis serves as both trustee and

2    executor.[13] Nor does the interpleader claim depend on Mr. Lewis's status as executor.[14] The

3    question of Mr. Lewis's citizenship *as executor* thus does not arise under the interpleader

4    complaint itself. It is only with Mr. Lewis's responsive pleading — comprising his answer, cross-

5    claim, and third-party claim — that his dual role emerges. It is only this latter pleading that the

6    Harts cite to invoke the decedent's California citizenship.[15] The interpleader complaint itself gave

7    the court original subject-matter jurisdiction.

8

9    **2.    The Interpleader and the Trustee's Affirmative Claims Spring from the "Same Case or Controversy"**

10       The question under § 1367(a) then becomes whether the interpleader claim, and the Trustee's

11   claims against the Harts, "are so related . . . that they form part of the same case or controversy

12   under Article III." *See* 28 U.S.C. § 1367(a). The court holds that they do. Section 1367(a)'s "same

13   case or controversy" formulation "unambiguously extends jurisdiction to the limits of Article III."

14   *Montoya v. Espanola Pub. Sch. Dist. Bd. of Educ.*, 861 F. Supp. 2d 1307, 1310 (D.N.M. 2012)

15   (quoting *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 212 n. 5 (2nd Cir. 2004)). The facts that

16   underlie the Trustee's affirmative claims meet this test. Those claims allege (in sum) that the Harts

17   "subjected Ms. Lewis to various forms of elder abuse, unlawfully absconded with Ms. Lewis's

18   property, and wrongfully coerced Ms. Lewis to designate Ms. Hart as the beneficiary of Ms.

19   Lewis's multiple life insurance policies."[16] The interpleader complaint likewise springs from the

20   Harts' relationship with the deceased Ms. Lewis and from the competing claims that the Harts and

21   the Trustee made to the proceeds of Ms. Lewis's American General life-insurance policy.[17] Those

22

---

23   [12] *See id.* at 3–4 (¶¶ 13–15). On the propriety of the Trust, apart from the executor, seeking the
24   disputed life-insurance proceeds, see especially *id.* at 4 (¶ 16) ("[A]t Decedent's direction, [her]
     lawyers] created the Cora Lewis Management Trust for the transfer of all of decedent's assets.").

25   [13] *Id.*, *passim*.

     [14] *See id.* at 3–6 (¶¶ 6–28).
26
     [15] Mot. for Leave – ECF No. 48 at 2, 5.
27
     [16] ECF No. 17 at 5 (¶ 1).

28   [17] *See* Compl. – ECF No. 3 at 3–4 (¶¶ 11, 13–16).

United States District Court
Northern District of California

1    competing claims are exactly what led American General to interplead the insurance proceeds.[18]

2    The interpleader claim, and the Trustee's claims against the Harts, are thus "so related" as to "form

3    part of the same case or controversy."

4      Finally, the court chooses to exercise supplemental jurisdiction over the Trustee's cross-claim

5    and third-party claim. The supplemental-jurisdiction statute lays out several considerations that

6    "may" lead a court, in its discretion, to decline such jurisdiction, but the court finds that, in the

7    circumstances of this case, none of these warrants declining to exercising supplemental

8    jurisdiction. *See, e.g.,* 28 U.S.C. § 1367(c); *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1000 (9th

9    Cir.), *supplemented*, 121 F.3d 714 (9th Cir. 1997), *as amended* (Oct. 1, 1997) ("[A] federal district

10    court with power to hear state law claims has discretion to keep, or decline to keep, them under the

11    conditions set out in § 1367(c) . . . .").

12                                      \*   \*   \*

13      Additional problems infect the Harts' present analysis. It is unnecessary to elaborate upon

14    them. The discussion above conveys the court's essential reasoning and suffices to establish the

15    court's subject-matter jurisdiction over all the claims that are in play: those in the original

16    interpleader complaint (ECF No. 3), and those in the Trustee's responsive pleading (ECF No. 17).

17

18                                  **CONCLUSION**

19      The court denies the Harts' motion for leave to seek reconsideration of the court's order of

20    December 27, 2016.

21      This disposes of ECF No. 48.

22      **IT IS SO ORDERED.**

23      Dated: January 11, 2017

24                                _____

25                                LAUREL BEELER
                                     United States Magistrate Judge

26

27

---

28    [18] *Id.* at 3–5  (¶¶ 13–24).